U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2017 FEB 15 PM 1:37

CLERK

BY _lAw_
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

NLV FINANCIAL CORPORATION, )
)
Plaintiff, )
)
v. ) Civil Action No. 5:17-cv-24
)
SENTINEL GROWTH FUND )
MANAGEMENT, LLC and )
MARK J. VARACCHI, )
)
Defendants. )

## COMPLAINT AND JURY DEMAND

i. Introduction

1. The Plaintiff NLV Financial Corporation ("National Life") brings this action for trademark infringement and unfair competition under federal law and the law of the State of Vermont.

2. National Life is the owner of the SENTINEL service mark. The SENTINEL service mark is protected by United States Registration Nos. 1,303,067 and 3,378,435, copies of which are attached here as Exhibit A and Exhibit B.

3. National Life also owns the following service marks: **SENTINEL INVESTMENTS, SENTINEL FUNDS, SENTINEL ADVANTAGE, SENTINEL ASSET MANAGEMENT, INC.** and **SENTINEL INSTITUTIONAL ADVISORY SERVICES** which, together with the SENTINEL service mark, are hereinafter collectively referred to as Plaintiff's "SENTINEL Marks." See Exhibit C.

4. National Life, through its subsidiaries Sentinel Financial Services Company, Sentinel Financial Services, Inc., Sentinel Asset Management, Inc. and

Sentinel Administrative Services, Inc. (among others), operates under the unifying service mark SENTINEL INVESTMENTS.

5. Since at least 1968, National Life, through its subsidiaries, has used its SENTINEL Marks in connection with its rendering of financial investment services throughout the United States, and in particular in New England.

6. National Life has recently learned of the existence of Defendant Sentinel Growth Fund Management, LLC, a Connecticut and New York-based investment advisor and its founder, chief executive officer, managing member and portfolio manager, Mark J. Varacchi ("Mr. Varacchi"). Sentinel Growth Fund Management, LLC is not registered with the Securities & Exchange Commission or any state as an investment advisor. The Defendants' use of the SENTINEL prefix marks in connection with the rendering of financial investment services is extremely likely to cause customer confusion and reflects a clear infringement of National Life's federally protected rights.

7. The irreparable harm currently being suffered by National Life has been exacerbated by the fact that the Securities and Exchange Commission has recently brought a legal action against Sentinel Growth Fund Management, LLC and Mr. Varacchi alleging that they misappropriated "at least $3.95 million of investor assets intended for or held by the Funds …" See Securities and Exchange Commission v. Sentinel Growth Fund Management, LLC et al, United States District Court for the District of Connecticut, Civil Action No. 17 cv 00155 (February 2, 2017).

8. National Life's action seeks preliminary and permanent injunctive relief and damages to prevent the Defendants' unlawful acts of trademark infringement, unfair competition, false designation of origin, and trademark dilution.

ii. <u>Parties</u>

9. Plaintiff NLV Financial Corporation is an insurance holding company with a principal place of business located at One National Life Drive, Montpelier, Vermont, 05604. National Life Insurance Company is a wholly owned subsidiary of NLV Financial Corporation.

10. Sentinel Financial Services Company is a partnership between Sentinel Asset Management, Inc. and Sentinel Financial Services, Inc., both affiliates of National Life. Sentinel Financial Services Company is registered with the SEC and the Financial Industry Regulatory Authority ("FINRA"), and is a licensed broker dealer, and is authorized to sell securities.

11. Sentinel Financial Services Company acts as the distributor of shares of the Sentinel Group Funds, Inc., a Maryland corporation, which issues various classes of shares, commonly referred to as mutual funds.

12. Sentinel Financial Services Company also acts as the distributor of shares of Sentinel Variable Products Trust, a Delaware business trust, which are offered for sale through registered variable life and variable annuity insurance products.

13. Sentinel Asset Management, Sentinel Financial Services Company, and Sentinel Administrative Services, Inc. all provide financial investment services using Plaintiff's SENTINEL Marks, and all utilize the unifying service mark SENTINEL INVESTMENTS.

14. Defendant Sentinel Growth Fund Management, LLC is a Delaware limited liability company with its principal place of business located at One Stamford Plaza, 8th Floor, Stamford, CT. Sentinel Growth Fund Management, LLC is <u>not</u> a registered

3

investment advisor with the Securities and Exchange Commission. According to its website located on the Internet at www.sentinelfundmgmt.com, Sentinel Growth Fund Management, LLC provides financial investment advice and services to members of the public.

15. Defendant Mark J. Varacchi is, upon information and belief, a resident of Norwalk, Connecticut. He is the founder, Chief Executive Officer, managing member and portfolio manager of Sentinel Growth Fund Management, LLC. In this capacity, Mr. Varacchi has exercised pervasive control over Sentinel Growth Fund Management, LLC and has directed its actions underlying the trademark infringement at issue in this matter.

16. In or around late 2016, National Life learned of the existence of the unregistered, Sentinel Growth Fund Management, LLC and its principal Mr. Varacchi. Since apparently its inception, Sentinel Growth Fund Management, LLC has began operating under the unregistered service mark SENTINEL GROWTH FUND MANAGEMENT in connection with the rendering of financial investment services.

### iii. Jurisdiction And Venue

17. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1338 (trademark claims), and 15 U.S.C. § 1121 (Lanham Act). Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because the infringing activity occurred and continues to occur in the District of Vermont.

### iv. Factual Background

18. National Life is the owner of United States Registration No. 1,303,067 dated October 30, 1984 for the SENTINEL service mark. See Exhibit A. National Life

is also the owner of the SENTINEL service mark, United States Registration No. 3,378,435 dated February 5, 2008. See Exhibit B. These registrations became incontestable upon the fulfillment of the statutory requirements for incontestability under Section 15 of the federal Lanham Act.

19. National Life, through the subsidiaries identified above, has used Plaintiff's SENTINEL Marks continuously since 1968.

20. National Life, through the subsidiaries identified above, has consistently and continuously used Plaintiff's SENTINEL Marks, including but not limited to SENTINEL INVESTMENTS, SENTINEL FUNDS, and SENTINEL INSTITUTIONAL ADVISORY SERVICES, throughout its marketing, advertising, promotional and business materials circulated in commerce in connection with the rendering of financial investment services throughout the United States, in particular in the northeast portion of the United States.

21. Customers have come to associate Plaintiff's SENTINEL Marks with high-quality customer service and outstanding results consistent with their investment objectives.

22. The Plaintiff has invested substantial time, effort and money in developing and promoting Plaintiff's SENTINEL Marks. The Plaintiff advertises and promotes Plaintiff's SENTINEL Marks in a number of ways that are typical for the financial services industry, including through the use of the internet, and promotional materials. Among other things, the SENTINEL Marks appear on Plaintiff's website, www.sentinelinvestments.com. As a result of these extensive efforts, Plaintiff's

SENTINEL Marks have become well-known to the public as an identifier of the Plaintiff's high quality products and services.

23. So too, the Plaintiff uses the SENTINEL Marks on its investment materials, including but not limited to its reporting on the financial performance of its funds.

24. As a result of its continuous use, Plaintiff's SENTINEL Marks, including but not limited to SENTINEL INVESTMENTS, SENTINEL FUNDS, and SENTINEL INSTITUTIONAL ADVISORY SERVICES, have become strong and distinctive.

25. The Defendants have been on constructive notice of the federal registration of the SENTINEL mark since U.S. Registration No. 1,303,067 issued on October 30, 1984. The Defendants have been on constructive notice of National Life's SENTINEL service mark, United States Registration No. 3,378,435, since February 5, 2008.

26. Moreover, the Defendants have been on actual written notice of the Plaintiff's unauthorized use of Plaintiff's SENTINEL Marks, including but not limited to SENTINEL INVESTMENTS, SENTINEL FUNDS, and SENTINEL INSTITUTIONAL ADVISORY SERVICES, since December 19, 2016. See Exhibit D. As discussed below, the Plaintiff's December 16, 2016 cease and desist letter was ignored by the Defendants.

27. The Defendants are using a confusingly similar SENTINEL mark in connection with the offering of financial investment services. Examples of Defendants' use of the confusingly similar mark can be found at Defendants' website, located on the internet at www.sentinelfundmgt.com. See Exhibit E.

28. The confusion is exacerbated by similarity of services offered by both the Plaintiff and the Defendants. Both Plaintiff and Defendants render financial investment services. Plaintiff and the corporate Defendant have "Sentinel" as the first word in their trade names.

29. Plaintiff first learned of the Defendants' use of the SENTINEL service in the late winter of 2016 and promptly demanded that Defendants cease and desist in their infringing activities.

30. Indeed, on December 19, 2016, National Life, through its attorneys, sent a letter to the Defendants informing them of National Life's trademark rights and federal trademark registrations, and demanding that the Defendants cease and desist from using the SENTINEL Marks. See Exhibit D. The Defendants failed to respond to the letter at all, further evidencing their bad faith.

31. National Life has consistently engaged in efforts to protect its SENTINEL Marks, including but not limited to SENTINEL INVESTMENTS and SENTINEL FUNDS. Over the past decade, National Life has succeeded in enforcing and protecting Plaintiff's SENTINEL Marks against entities engaged in the rendering of financial investment services utilizing the SENTINEL service mark. By way of example only, due to the Plaintiff's actions in 2007, an infringer from Richmond, Virginia using the SENTINEL FINANCIAL GROUP service mark changed its name. Likewise, legal action was successfully commenced in the District of Vermont in 2008 against an infringing Massachusetts based financial services firm, Sentinel Financial Group, LLC.

32. The Defendants' unauthorized use of the SENTINEL Marks in connection with the offering of financial investment services has caused and continues to

case irreparable injury to the Plaintiff by virtue of Defendants' falsely associating their services with the Plaintiff's services, thereby confusing customers and potential customers, and harming the decades-old strong reputation associated with the Plaintiff, its products and services.

33.   In this regard, the Securities and Exchange Commission has recently brought a legal action against Sentinel Growth Fund Management, LLC and Mr. Varacchi alleging that they misappropriated "at least $3.95 million of investor assets intended for or held by the Funds …" See Securities and Exchange Commission v. Sentinel Growth Fund Management, LLC et al, United States District Court for the District of Connecticut, Civil Action No. 17 cv 00155 (February 2, 2017).

COUNT ONE
(Trademark Infringement in Violation of
Section 32 of the Lanham Act)
(15 U.S.C. § 1114)

34.   National Life repeats and realleges each allegation contained in the preceding paragraphs as if fully set forth herein.

35.   The Defendants are using the SENTINEL Marks in connection with the rendering of financial investment services in commerce.

36.   The Defendants' unauthorized use of the SENTINEL Marks constitutes trademark infringement in violation of Section 32 of the Lanham Act, codified at 15 U.S.C. § 1114.

37.   The Defendants' unauthorized use of the SENTINEL Marks was intended to cause, has caused, is causing, and is likely to continue to cause confusion, or to cause mistake or to deceive.

38.     On information and belief, the Defendants' infringement has been willful, wanton, reckless, and in total disregard of National Life's rights.

39.     The Defendants' acts are causing irreparable injury to National Life for which there is no adequate remedy at law, and will continue to do so unless the Defendants' use of the SENTINEL service mark or any mark that is confusingly similar thereto is enjoined by this Court.

40.     By reasons of the foregoing, National Life has been damaged and is entitled to injunctive relief and damages in an amount to be proven at trial.

## COUNT TWO
### (Federal False Designation of Origin in Violation of Section 43(a) of the Lanham Act) (15 U.S.C. § 1125)

41.     National Life repeats and realleges each allegation contained in the preceding paragraphs as if fully set forth herein.

42.     The Defendants' unlawful acts constitute use in commerce.

43.     The Defendants have used and apparently plan in the future to use a mark confusingly similar mark to National Life's SENTINEL Marks in connection with the rendering of financial investment services in commerce, which is a false designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants' services with the Plaintiff's services, all to the detriment and damage of the Plaintiff.

44.     The Defendants have engaged in unlawful acts that constitute a false designation of origin, false and misleading description of fact, and false and misleading representation of fact, which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with the Plaintiff or

as to the origin, sponsorship or approval of Defendants' services by the Plaintiff, in violation of Section 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a).

45. On information and belief, the Defendants' conduct as described above has been willful, wanton, reckless, with full knowledge, and in total disregard of National Life's rights.

46. The Defendants' acts are causing irreparable injury to National Life for which there is no adequate remedy at law, and will continue to do so unless the Defendants' use of the SENTINEL service mark or any mark that is confusingly similar thereto is enjoined by this Court.

47. By reasons of the foregoing, National Life has been damaged and is entitled to injunctive relief and damages in an amount to be proven at trial.

## COUNT THREE
(Unfair Competition in Violation of Vermont Common Law)

48. National Life repeats and realleges each allegation contained in the preceding paragraphs as if fully set forth herein.

49. National Life owns and enjoys common law rights in Plaintiff's SENTINEL Marks, rights which are superior to any rights which Defendants may claim to any similar mark or name.

50. The Defendants' unauthorized use of the SENTINEL Marks in connection with the rendering of financial services is being, and has been, committed in order to capitalize on and misappropriate the Plaintiff's valuable goodwill in its mark and name that it created through continuous usage of its mark and name over at least the past fifty years.

51. The Defendants' unauthorized use of the SENTINEL GROWTH FUND MANAGEMENT mark has caused and is likely to continue to cause confusion or mistake or deception of consumers as to the origin of such services.

52. The Defendants' acts and conduct as set forth herein constitute unfair competition and willful, unfair and deceptive acts or practices within Vermont, all in violation of Vermont common law.

53. The Defendants' wrongful unfairly competing activities have intended to cause, have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to the Plaintiff's business, reputation and goodwill.

54. On information and belief, the Defendants' conduct as described above has been willful, wanton, reckless with full knowledge, and in violation of the rights of National Life.

55. As a result of Defendants' acts alleged above, National Life is entitled to damages in an amount to be proven at trial.

### COUNT FOUR
(Preliminary and Permanent Injunction)

56. National Life repeats and realleges each allegation contained in the preceding paragraphs as if fully set forth herein.

57. National Life possesses a likelihood of success on the merits of its claims identified above.

58. The Defendants' wrongful activities described above have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to the Plaintiff's business, reputation and goodwill.

59. National Life is therefore entitled to a preliminary and a permanent injunction enjoining the Defendants, their owners, employees, agents, successors, subsidiaries, related companies, assigns and all those in privity or acting in concert with them, from using, displaying, advertising, copying, imitating or infringing upon Plaintiff's SENTINEL Marks, including by using or displaying the SENTINEL GROWTH FUND MANAGEMENT or any mark confusingly similar thereto, or any mark beginning with the word SENTINEL in any written or oral advertisements, displays, signs, sales promotions, marketing materials, internet or in any other public communications in connection with the sale or offers for sale of Defendants' products or services.

WHEREFORE, National Life respectfully requests that the Court grant it the following relief:

1. Enter an injunction preventing the Defendants, their owners, employees, agents, successors, subsidiaries, related companies, assigns and all those in privity or acting in concert with them, from using, displaying, advertising, copying, imitating or infringing upon Plaintiff's SENTINEL Marks, including by using or displaying the SENTINEL GROWTH FUND MANAGEMENT or any mark confusingly similar thereto, or any mark beginning with the word SENTINEL in any written or oral advertisements, displays, signs, sales promotions, marketing materials, internet or in any other public communications in connection with the sale or offers for sale of Defendants' products or services;

2. Order the Defendants to account and pay over to Plaintiff all gains, profits and advantages derived from the use of the SENTINEL Mark pursuant to 15 U.S.C. § 1117 and other applicable law;

3. Order the Defendants to pay Plaintiff the damages which Plaintiff has sustained by reason of the conduct alleged herein;

4. Order the Defendants to pay damages totaling three times the compensatory damages for their willful and intentional misconduct as provided for in 15 U.S.C. § 1117 and other applicable law;

5. Order the Defendants to pay the prejudgment interest and the costs of this action;

6. Order the Defendants to pay Plaintiff's attorneys' fees as provided by applicable law; and

7. Grant such other and further relief as is just and proper.

### DEMAND FOR JURY TRIAL

NLV Financial Corporation demands a trial by jury on all claims so triable.

Respectfully submitted,

NLV FINANCIAL CORPORATION,

Ian A. McKenny
Senior Counsel
NLV Financial Corporation
One National Drive
Montpelier, VT 05604
Telephone: (802) 229-3333

David H. Rich (BBO #634275)
Todd & Weld LLP
1 Federal Street, 27th Floor
Boston, MA 02110
drich@toddweld.com
(617) 720-2626
(pro hac vice motion to be filed)

Dated: February 14, 2017